**UNITED STATES of America,**

v.

**Alexander CHAN, Defendant.**

**No. S11 97 CR. 1053(PKL).**

United States District Court, S.D. New York.

Jan. 28, 2002.

Maria Horn, Assistant U.S. Attorney, Mary Jo White, U.S. Attorney, New York City, for United States.

Don D. Buchwald, Buchwald & Kaufman, New York City, for Defendant.

### MEMORANDUM ORDER

LEISURE, District Judge.

The indictment charges the defendant, Alexander Chan, with one count of conspiracy to distribute heroin; two counts of attempted distribution of heroin; one count of use of a communication facility in committing a felony; and one count of distribution of cocaine. The defendant has taken the stand as part of his case, and defendant's counsel has concluded his direct examination of the defendant. The government seeks the Court's permission to introduce statements made by the defendant at a January 16, 2001 proffer session in order to impeach his testimony concerning any inconsistent testimony. For the reasons set forth below, the government's motion is granted.

### BACKGROUND

On January 16, 2001, the defendant and his attorney, Jacob R. Evseroff, Esq., met with representatives of the government at the United States Attorney's Office for the Southern District of New York. At the meeting, the government offered the defendant the standard proffer agreement used by the United States Attorney's Office for the Southern District of New York. After both the government and Mr. Evseroff explained the terms and conditions of the agreement to the defendant, the defendant signed the agreement. *See* Government's Letter Regarding Defendant's Proffer Statements, January 25, 2002 at 1–2.

The proffer agreement signed by the defendant provides in pertinent part:

(2) Should any prosecutions be brought against Client by this Office, except as provided below the Government will not offer in evidence on its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Client at the meeting, except in a prosecution for false statements, obstruction of justice or perjury with respect to any acts committed or statements made during or after the meeting or testimony given after the meeting.
(3) Notwithstanding item (2) above: ...
(b) should any prosecutions of Client be undertaken, the Government may use statements made by Client at the meeting and all evidence obtained directly or indirectly therefrom for the purpose of cross-examination should Client testify;

and (c) the Government may also use statements made by Client at the meeting to rebut any evidence or arguments offered by or on behalf of Client (including arguments made or issues raised sua sponte by the District Court) at any stage of the criminal prosecution (including bail, all phases of trial, and sentencing) should any prosecution of Client be undertaken.

See Proffer Agreement of Alexander Chan, January 16, 2001 at 1.

## DISCUSSION

Generally, statements made in a proffer session are not admissible as evidence against a defendant because of the protections afforded by Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6). Rule 410[1] of the Federal Rules of Evidence provides in relevant part:

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who ... was a participant in the plea discussions: ... (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty....

 It is well settled that pre-trial agreements, including proffer and cooperation agreements, are interpreted according to the principles of contract law. See United States v. Liranzo, 944 F.2d 73, 77 (2d Cir.1991); United States v. Khan, 920 F.2d 1100, 1104 (2d Cir.1990); see also Santobello v. New York, 404 U.S. 257, 260–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (applying contract principles to plea agreements). Therefore, where a defendant knowingly and voluntarily agrees to waive

the protections surrounding the introduction of statements made during plea agreements provided by Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6), the defendant's waiver is fully enforceable. See United States v. Mezzanatto, 513 U.S. 196, 210, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995).

In Mezzanatto, a case involving possession of methamphetamine, the defendant and his attorney met with the government to discuss the possibility of cooperating with the government. 513 U.S. at 198, 115 S.Ct. 797. The prosecutor advised the defendant that he would have to agree that any statements he made during the meeting could be used to impeach any contradictory testimony he might give at trial if the case actually went to trial, and the defendant agreed to this condition. See id. At trial, after the defendant took the stand and offered testimony inconsistent with the statements he had made at the proffer session, over defense counsel's objections, the prosecutor cross-examined the defendant about his proffer statements. The defendant denied having made some of the proffer statements, so the government introduced extrinsic evidence of his statements, calling one of the agents who had been at the meeting to recount the defendant's' prior statements. See id. at 199, 115 S.Ct. 797. The defendant was convicted, and sentenced to 170 months in prison. See id.

On appeal, the defendant argued that he could not have waived the provisions of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(e)(6) precluding the government from using statements from his proffer session at trial. The Supreme Court upheld the district

---

1. Rule 410 of the Federal Rules of Evidence and Rule 11(e)(6) of the Federal Rules of Criminal Procedure are substantively identical. See United States v. Mezzanatto, 513 U.S. 196, 197, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995).

court's conviction, concluding that a defendant can waive these protections. *See id.* at 210, 115 S.Ct. 797. "We hold that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable." *Id.*

Although the Second Circuit has not yet addressed whether the government may use a proffer statement for purposes beyond impeaching a testifying defendant, several courts in the Southern District, and the Seventh Circuit, have held that the government may introduce the defendant's proffer statements in other situations. Judges Harold Baer, Robert P. Patterson, and Lawrence M. McKenna have all allowed the government to introduce the defendant's proffer statements in cases where the defense counsel made arguments contradictory to the proffer statements in his opening statement. *See United States v. Lopez,* S3 97 Cr. 1191(HB), 1998 WL 142338 (S.D.N.Y.1998); *United States v. Wong,* 99 Cr. 842(RPP); *United States v. Gomez,* 99 Cr. 740(LMM). The Seventh Circuit has held that if a defendant signs a proffer agreement with language similar to the one in the present case, the government may introduce the defendant's proffer statements if the defendant testifies inconsistently, or if the defendant "elicits evidence inconsistent with his proffer statement from other witnesses at trial." *United States v. Dortch,* 5 F.3d 1056, 1068 (7th Cir.1993) (involving a defense witness whose testimony was inconsistent with the defendant's proffer statements); *see also United States v. Krilich,* 159 F.3d 1020, 1025 (7th Cir.1998) (permitting the introduction of the defendant's proffer statements where defendant's cross-examination of a government witness took a position contradictory to the defendant's proffer statements).

█ In the present case, since the defendant has taken the stand, under Second Circuit precedent and by the terms of the defendant's proffer agreement, the government should be allowed to introduce his proffer statements to impeach his testimony. Further, if the defendant denies having made all or some of the proffer statements, the government should be allowed to introduce extrinsic evidence of the defendant's proffer statements. *See Mezzanatto,* 513 U.S. at 199, 115 S.Ct. 797 (allowing the testimony of a government agent regarding the defendant's statements at his proffer session).

## CONCLUSION

For the reasons set forth above, the government's motion to introduce statements made by the defendant at his January 16, 2001 proffer session in order to impeach his testimony in the instant case is granted.

**SO ORDERED**